# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RICHARD E. GREBE,

    Plaintiff,

vs.                                                                            Civ. 01-833 WWD/KBM

STATE FARM INSURANCE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant State Farm's Motion for Summary Judgment on Plaintiff's Negligent Misrepresentation Claim ("Misrepresentation Motion") **[Doc. 32]**, filed March 19, 2002 and State Farm's Motion for Partial Summary Judgment on Claims for Fees and Costs and Emotional Distress Related to the Cigna Litigation ("Cigna Motion") **[Doc. 36]**, filed on March 27, 2002. The Court, having reviewed the parties' submissions and the relevant authorities, finds that Defendant's Misrepresentation Motion is well taken and should be GRANTED and that Defendant's Cigna Motion should be DENIED as moot.

**Standard of Review**

"Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Griffin v. Steeltek, Inc., 160 F.3d 591, 593 (10th Cir.1998). In determining whether the case presents any issues of material fact, we view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment, here [Plaintiff Richard Grebe ("Mr. Grebe")]. See MacDonald v. Delta Air Lines, Inc., 94 F.3d 1437, 1440 (10th Cir.1996). Only

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Hardy v. S.F. Phosphates Ltd. Co., 185 F.3d 1076, 1078-80 (10th Cir. 1999)." Martin v. Kansas, 190 F.3d 1120, 1129 (10th Cir 1999), overruled on other grounds, Board of Trustees v. Garrett, 531 U.S. 356 (2001) (internal quotation marks omitted).

**Discussion**

The factual background of this case was set forth in the Court's Memorandum Opinion and Order filed on April 3, 2002 **[Doc. 41]** and does not bear repeating here. Initially, I note that Plaintiff fails to specifically dispute the following "Undisputed Material Facts" contained in Defendant's Brief in Support of Misrepresentation Motion: 1-4, 6, 8, 11-16, 18-19, 24-39. Accordingly, these statements are deemed admitted under the local rules. See D.N.M.LR-Civ. 56(1)(b) ("All material facts set forth in the statement of the Movant will be deemed admitted unless specifically controverted.").

*I.     Whether the alleged statement by State Farm was a false representation of fact*

In order to establish a claim of negligent representation, Plaintiff must prove that Defendant "made a false representation of fact." NM UJI 13-1632 (2001). Generally, "a misrepresentation, like a mistake, must be one of fact, in the sense that [predictions] about the future or promises about the future will not be deemed actionable." State ex rel. State Highway and Transp. Dep't. v. Garley, 111 N.M. 383, 389, 806 P.2d 32, 38 (1991) (quoting D. DOBBS, HANDBOOK ON THE LAW OF REMEDIES § 9.1, at 593 (1973)) (emphasis added); but see Register v. Roberson Constr. Co., 106 N.M. 243, 246, 741 P.2d 1364, 1367 (1987) (explaining that promises as to future actions will support an action for fraud in some circumstances); see also,

Continental Potash v. Freeport-McMoran, 115 N.M. 690, 703, 858 P.2d 66, 79 (1993) (stating that fraud cannot be based on the expression of an opinion).  Plaintiff alleges that, during a meeting on February 19, 1998, a representative of State Farm told him that if he qualified for social security disability benefits, Plaintiff would automatically be entitled to disability benefits under the Cigna Long Term Disability ("LTD") plan.  See Pl.'s Compl. ¶ 7, Ex. A to Notice of Removal.  This alleged representation makes a statement about whether a third party (Cigna) would grant disability benefits to Plaintiff under its LTD plan.  As such, this representation constituted an opinion, or a prediction or promise with respect to the future actions of a third party.  Generally, expressions of opinion and predictions or promises about the future are not representations of fact.

  Moreover, Plaintiff does not present any evidence to show that State Farm's alleged statement falls within any exception to this general rule.  The New Mexico Supreme Court has held that a fraud[1] action may be based on promises of future events "where the promises are based on contrary facts peculiarly within the promisor's knowledge, or where the promise is based on a concealment of known facts." Golden Cone Concepts, Inc. v. Villa Linda Mall, Ltd., 113 N.M. 9, 12, 820 P.2d 1323, 1326 (1991) (quoting Register, at 246, 741 P.2d at 1367).  Here, the undisputed evidence indicates that Plaintiff had access to materials describing Cigna's LTD plan and corresponded with representatives from Cigna.  Plaintiff fails to demonstrate that State Farm based its representation on contrary facts peculiarly within State Farm's knowledge, or concealed known facts.  Because Plaintiff fails to present evidence that State Farm made a false

---

[1]   A claim of fraud or negligent misrepresentation requires Plaintiff to prove that Defendant made a "representation of fact."  See NM UJI 13-1633.

3

representation of fact, summary judgment should be granted in Defendant's favor on Plaintiff's negligent misrepresentation claim.

   II.   *Whether Mr. Grebe justifiably relied on State Farm's alleged misrepresentation*

In order to establish a claim of negligent representation, Plaintiff must also prove that he "justifiably relied" on Defendant's alleged misrepresentation. NM UJI 13-1632 (2001). However, even if Defendant made a false representation of fact with respect to the requirements of Cigna's LTD plan, Plaintiff fails to point to evidence that he justifiably relied on such a representation. Plaintiff was an independent insurance agent for State Farm for more than twenty years. Plaintiff opted to purchase the Cigna LTD Plan. The evidence indicates that Plaintiff had access to materials describing Cigna's LTD plan. Plaintiff concedes that he "probably should have looked at the Cigna literature and determined what coverage/benefits he had" following the February 19, 1998 meeting with State Farm representatives. Def.'s Br. in Support of Misrepresentation Mot. at 6 (undisputed material fact 24). Plaintiff does not present any evidence that he was incapable of understanding the requirements and benefits provided by the Cigna LTD plan.

Moreover, in a letter denying benefits to Plaintiff, Cigna stated that "the decision we make concerning [LTD] benefits . . . is independent of any rendering from the Social Security Administration." Letter from Connally to Gilstrap, dated March 8, 1999, Ex. I to Ex. B, attached to Def.'s Br. in support of Def.'s Mot. for Summ. J. on Pl.'s Claims for Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing (emphasis added). Whether or not this letter correctly represented Cigna's LTD plan, the language of the letter coupled with the denial of Plaintiff's application for LTD benefits served as notice to Plaintiff that Cigna would not "automatically" grant benefits to Mr. Grebe based on a favorable Social Security ruling. Even

assuming that Plaintiff relied on Defendant's alleged misrepresentation in February of 1998, he does not provide any evidence that demonstrates why reliance on State Farm's alleged misrepresentation was justified after receiving the denial letter from Cigna in March of 1999.[2] Because Plaintiff fails to present evidence demonstrating that he justifiably relied on State Farm's alleged misrepresentation with respect to Cigna's LTD benefits, summary judgment should be granted in Defendant's favor on Plaintiff's negligent misrepresentation claim.

> III. *Whether Mr. Grebe's damages were proximately caused by State Farm's alleged misrepresentation*

Finally, in order to establish a claim of negligent misrepresentation, Plaintiff must prove "that [State Farm's] negligent misrepresentation was a proximate cause of [Plaintiff's] damages." NM UJI 13-1632 (2001). However, Plaintiff fails to point to evidence demonstrating a causal link between State Farm's alleged misrepresentation and Mr. Grebe's damages.[3] Because Plaintiff does not present evidence to satisfy the element of proximate cause, summary judgment should be granted.

<u>Alleged damages related to the Cigna litigation</u>

---

[2] Indeed, Plaintiff contends that upon receipt of this letter "he discovered . . . [that State Farm's] representation of fact was false" and understood "there was no 'rubberstamp' approval by Cigna following social security approval of disability benefits." Pl.'s Br. in Opp'n to Def.'s Mot. at 8. Thus, any reliance Plaintiff may have placed on Defendant's alleged misrepresentation in February of 1998 did not continue beyond March of 1999.

[3] In his complaint, Plaintiff alleges that the following damages resulted from Defendant's alleged misrepresentation: (1) "the costs and expenses necessary to litigate the case against Cigna which would have been unnecessary if the plan was as represented;" (2) the "physical, mental and emotional upset, fear, distress, anxiety, and stress [suffered] during the pendency of the Cigna litigation;" (3) the difference between "the termination payments . . . to which [Plaintiff] would have been entitled as determined on February 19, 1998" and the termination payments he is receiving; and (4) "the value and use of the foregoing sums." Pl.'s Compl. ¶ 12, Ex. A attached to Notice of Removal.

5

Defendant contends that the Cigna litigation losses would have occurred in the absence of the alleged misrepresentation. Plaintiff cites to <u>Charter Services, Inc. v. Principal Mutual Life Ins. Co.</u>, 117 N.M. 82, 868 P.2d 1307 (Ct. App. 1994) as support for his argument that State Farm may be liable for Cigna's "mistakes in denying plaintiff's disability claim." Pl.'s Br. in Opp'n to Def.'s Misrepresentation Mot. at 13. However, Defendant correctly points out that Plaintiff's reliance on <u>Charter</u> is entirely misplaced.[4] Here, Plaintiff fails to produce any evidence that but for State Farm's alleged misrepresentation, Mr. Grebe would not have incurred the damages alleged in his complaint. Indeed, Plaintiff's testimony indicates that he would have continued to pursue the Cigna litigation (and incurred litigation-related expenses) if State Farm had said nothing with respect to Cigna's LTD plan.

Plaintiff testified that "he could not have terminated his Independent Agency Agreement with State Farm <u>without</u> the Cigna [LTD benefits]." Def.'s Br. in Support of Misrepresentation Mot. at 7, ¶ 37 (undisputed material fact) (emphasis added)[5]; <u>see also</u> Dep. of Mr. Grebe at 162:8 Ex. A attached to Def.'s Br. (conceding that he was in no position to terminate his agency agreement without the Cigna benefits); <u>id.</u> at 187:20-25 (testifying that it was financially

---

[4] In <u>Charter</u>, the defendant insurance company misrepresented the scope of its coverage, resulting in the lapse of plaintiff's worker's compensation coverage. The <u>Charter</u> court explained that if plaintiff had maintained its worker's compensation coverage, it would not have incurred the litigation costs stemming from a lawsuit brought by an employee who had filed a worker's compensation claim. <u>See id.</u> at 86, 868 P.2d at 1311. Thus, the court concluded that defendant's misrepresentation with respect to its insurance coverage proximately resulted in plaintiff's litigation expenses.

[5] Similarly, Plaintiff's wife testified that, without the Cigna LTD benefits, she and Plaintiff "knew that we could not terminate the contract, or did not want to." Dep. of Ms. Grebe at 79:3-19, Ex. B, attached to Def.'s Br. in Support of Misrepresentation Motion. Consequently, Plaintiff and his wife "decided . . . [that Plaintiff] would just need to keep working if he did not get the Cigna benefits." <u>Id.</u>

6

impossible for him to "walk away from" the Cigna benefits). Moreover, Plaintiff points to no evidence that State Farm's alleged misrepresentation caused Cigna to deny Plaintiff's application for benefits.

Plaintiff attempts to counter Defendant's argument with his assertion that "State Farm could have acted consistently with their representations to insure that the group policy was conditioned to automatically pay benefits upon the award of the social security benefit to an agent." Pl.'s Resp. to Def.'s Misrepresentation Mot. at 13. Plaintiff's assertion wholly fails to address Defendant's argument. Moreover, Plaintiff cites to no evidence whatsoever to support his assertion. Similarly, Plaintiff offers no evidentiary support for his speculative allegations that "a correct representation would have permitted plaintiff to obtain a different policy . . . [and] would have prevented plaintiff's mental and emotional damage caused by the surprise denial by Cigna." Id.

Alleged damages related to the State Farm termination payments

Defendant contends that "there is no causal connection between the alleged misrepresentation, any action taken by Plaintiff or the results of Plaintiff's application to Cigna." Def.'s Br. in Support of Misrepresentation Mot. at 15. Defendant further contends that "[t]he only pecuniary losses alleged in connection with the negligent misrepresentation claim [are] the costs and fees incurred in the Cigna Litigation." Id. at 15-16. Plaintiff responds that his losses include the alleged "loss of termination payments" listed in his Complaint. Pl.'s Resp. to Def.'s Misrepresentation Mot. at 12. However, Plaintiff offers no argument or evidence whatsoever to indicate a causal link between State Farm's alleged misrepresentation and Mr. Grebe's alleged loss of termination payments. Plaintiff points to no evidence that the alleged misrepresentation

7

altered his decision with respect to the termination of his agency agreement. Indeed, as previously noted, the evidence indicates that Plaintiff would not have terminated his agreement until he received the Cigna LTD benefits.

In an affidavit attached to his Response, Plaintiff appears to argue that he might have terminated his agency agreement sooner had he been correctly informed about the Cigna plan.[6] However, I find that Plaintiff's affidavit statement, expressing a willingness to terminate his agreement <u>before</u> receiving Cigna benefits, directly conflicts with his earlier deposition testimony on this issue. Additionally, while Plaintiff appears to argue that he "would have" terminated his agreement had he been correctly informed about the Cigna plan, he does not explain why he failed to terminate his agreement after admittedly "learning" that information in the March 8 letter. Finally, to the extent that Plaintiff seeks to present his affidavit as evidence of his willingness to terminate his agency in April 1999, I find the affidavit "constitutes an attempt to create a sham fact issue," and thus, may be disregarded as evidence. <u>Erasmus v. Wal-Mart Stores, Inc.</u>, 24 Fed. Appx. 979 (10th Cir. Jan. 4, 2002), <u>available at</u>, 2002 WL 12261, at **2 (unpublished Order and Judgment) (quoting <u>Franks v. Nimmo</u>, 796 F.2d 1230, 1237 (10th Cir. 1986)).

Plaintiff fails to present evidence that any of his alleged damages were proximately caused by State Farm's alleged misrepresentation. Consequently, summary judgment will be granted in

---

[6] In his affidavit, Mr. Grebe describes how he "<u>learned</u> from the Cigna denial on March 8, 1999, that Cigna <u>did not automatically pay their disability benefit based upon a favorable social security award</u>." Aff. of Mr. Grebe ¶ 4, attached to Pl.'s Resp. to Def.'s Misrepresentation Mot. (emphasis added). Mr. Grebe also explains that this information was inconsistent with his expectation that this "letter would advise me of my entitlement to the [Cigna] benefits." Id. Next, Mr. Grebe inexplicably contends that "based upon the advice at that time, I <u>would have</u> requested the termination of agency which <u>would have</u> occurred" in April 1999, which presumably would have resulted in higher monthly termination benefits. Id. (emphasis added).

8

favor of Defendant on Plaintiff's negligent misrepresentation claim.

**Conclusion**

The Court finds that Plaintiff failed to produce evidence that raises a genuine issue of material fact with respect to three of the elements required to sustain Plaintiff's claim of negligent misrepresentation. Consequently, for all of the reasons set forth in this opinion, Defendant's Misrepresentation Motion will be granted and Plaintiff's claim of Negligent Misrepresentation will be dismissed with prejudice. Further, because Plaintiff's claim of Negligent Misrepresentation will be dismissed, the Court finds it unnecessary to address Defendant's Cigna Motion, and it will be denied as moot. Finally, the Court previously dismissed Plaintiff's claims of Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing in a Memorandum Opinion and Order filed on April 3, 2002 **[Doc. 41]**. I note that the dismissal of Plaintiff's claim of negligent misrepresentation effectively disposes of all Plaintiff's claims against Defendant in this action. Accordingly, this cause will be dismissed with prejudiced.

WHEREFORE,

IT IS ORDERED that Defendant State Farm's Motion for Summary Judgment on Plaintiff's Negligent Misrepresentation Claim **[Doc. 32]** is GRANTED, and Plaintiff's claim of negligent misrepresentation is dismissed with prejudice.

IT IS ALSO ORDERED that Defendant State Farm's Motion for Partial Summary Judgment on Claims for Fees and Costs and Emotional Distress Related to the Cigna Litigation **[Doc. 36]** is DENIED as moot.

IT IS FINALLY ORDERED that this cause is DISMISSED with prejudice.

_____
UNITED STATES MAGISTRATE JUDGE